**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JASMINE MARENGO,
PEDRO RIVERA,**

     **Plaintiff,**

**-vs-**                   **Case No. 6:05-cv-1792-Orl-18DAB**

**99 CENT SUPERCENTER, LLC.,
YAACOB C. ELHARAR,**

     **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 42)**
>
> **FILED:**   August 11, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

   This is an action for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"). As set forth ably by Plaintiffs in their motion, the District Court ordered the Clerk to enter a Default, following Defendants' failure to obtain counsel following counsel's withdrawal, and failure to file their Verified Summary of Hours, as ordered (Doc. Nos. 32, 35 and 36). This motion eventually followed.

According to the allegations in the Complaint, both Plaintiffs were employees of the corporate defendant. It is alleged that the corporate defendant is an employer as defined by FLSA, and that Plaintiffs were subject to FLSA provisions. Further, Plaintiffs allege that the individual defendant is a statutory employer under FLSA. The Complaint asserts that Defendants "repeatedly and wilfully" violated Section 7 and Section 15 of the FLSA by failing to fully compensate Plaintiffs for overtime.

In the instant motion, the Plaintiffs seek "two separate judgments" (one for each Plaintiff) against Defendants, jointly and severally. Plaintiff Marengo seeks judgment in the total amount of $1,560.00 (240 hours of overtime at the half rate of $3.25 per hour = $780.00, plus liquidated damages of $780.00). Plaintiff Rivera seeks $1,680.00 (240 hours of overtime at the half rate of $3.50 per hour - $840.00, plus liquidated damages of $840.00). Both Plaintiffs also seek a judgment for attorney's fees of $3,662.00 and costs of $360.00. For the reasons set forth herein, it is **respectfully recommended** that the motion be granted.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, the Complaint asserts that the corporate defendant was Plaintiffs' employer, the employer was an enterprise covered by the FLSA, and the individual defendant was a statutory

employer. These allegations are admitted by virtue of the default. The Complaint also asserts that Plaintiffs worked an unspecified number of overtime hours during "numerous weeks" and was not properly compensated. By answers to Interrogatories and via Affidavit, Plaintiff Marengo avers that she was paid straight time only for overtime work and is owed 30 hours of overtime a week at her half rate of $3.25 for eight weeks, plus liquidated damages, for a total of $1,560.00 (Doc. Nos. 19; 42-2). Plaintiff Rivera avers that he was paid at the rate of $7 per hour, and was not paid time and a half for overtime (Doc. No. 42-3). He avers that he was paid straight time only for overtime and is owed for 30 hours of overtime a week at his half rate of $3.50 for eight weeks, plus liquidated damages, for a total of $1,680.00 (Doc. No. 20). As liability is conceded by virtue of the well plead allegations and the default, and Plaintiffs have adequately set forth their claim in Affidavits, they have established their entitlement to an award of damages in these amounts.

As for attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). The fee, however, must still be reasonable.

Here, Plaintiffs' counsel has filed an Affidavit which indicates that his firm spent 4 hours of senior attorney time at $250.00 per hour; 10.4 hours of junior attorney time at $150.00 per hour; and 11.6 hours of paralegal time at $95.00 per hour for a total of 26 hours and $3,662.00 in fees. While

the Court would normally find these fees to be on the high side for a default judgment FLSA case, in view of the history of this case, including the short appearance by defense counsel, settlement attempts and Defendants' numerous motions for extensions of time, the fees are reasonable. Costs include a $250.00 filing fee and a $110.00 service of process charge, which are also reasonable.

It is therefore **respectfully recommended** that the motion be **granted,** and judgment be entered in Plaintiff Marengo's favor in the amount of $1,560.00, plus $2,011.00 in attorney's fees and costs (½ the total amount claimed for fees and costs); and a separate judgment be entered in Rivera's favor in the amount of $1,680.00, plus $2,011.00 in attorney's fees and costs (½ the total amount claimed for fees and costs).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 16, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy